**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vincent Lee Scott, ) | No. CV 05-0728-PHX-JAT (MHB) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Joseph Arpaio, ) | |
| ) | |
| Defendant. ) | |
| ) | |

     Plaintiff, Vincent Lee Scott, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). The Court will dismiss the action without prejudice for failure to prosecute.

     Plaintiff filed this action on March 7, 2005 (Doc. #1). Within days of the initial filing, the Court sent Plaintiff a Notice of Assignment (Doc. #2). Because Plaintiff's application to proceed *in forma pauperis* was deficient, the Court ordered him to pay the filing fee or submit a proper application (Doc. #3). Plaintiff paid the filing fee, and the Court then ordered Defendant Arpaio to answer Plaintiff's claims regarding inadequate meals, overcrowding, and unsanitary conditions at the county jail (Doc. #7). Defendant moved to dismiss for failure to exhaust available administrative remedies (Doc. #11). The Court granted Defendant's motion in part and dismissed the overcrowding and unsanitary conditions claims (Doc. #18).

1  Defendant then filed a Second Motion to Dismiss (Doc. #20).  In an Order dated
2  January 22, 2007, the Court sent Plaintiff notice of that motion and advised of him of his
3  obligation to respond (Doc. #21).  Less than two weeks later, the Order was returned in the
4  mail (Doc. #22).  Approximately one month later, an Order withdrawing the reference to the
5  Magistrate Judge as to the pending motion was also returned in the mail (Doc. ##24, 25).

6  Rule 3.4(a) of the Local Rules of Civil Procedure, requires that a prisoner-litigant
7  comply with the instructions attached to the court-approved complaint form.  Those
8  instructions state: "You must immediately notify the clerk . . . in writing of any change in
9  your mailing address.  Failure to notify the court of any change in your mailing address may
10 result in the dismissal of your case."  Information and Instructions for a Prisoner Filing Civil
11 Rights Complaint at 2, ¶ H.  The Court has no affirmative obligation to locate Plaintiff.  "A
12 party, not the district court, bears the burden of keeping the court apprised of any changes
13 in his mailing address."  Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*).
14 If the Court were to show cause Plaintiff why dismissal was not warranted, the Order "would
15 only find itself taking a round trip tour through the United States mail."  Id.  The Court is also
16 not required to hold the matter in abeyance.  "It would be absurd to require the district court
17 to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own
18 fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are
19 reasonable or not."  Id.

20 In the Notice of Assignment, the Order addressing the first *in forma pauperis*
21 application, and the service Order, the Court warned Plaintiff that he must notify the Court
22 of any change of address and failure to do so may result in the dismissal of the action for
23 failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

24 Rule 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with
25 these rules or any order of court, a defendant may move for dismissal of an action."  In Link
26 v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that
27 a federal district court has the inherent power to dismiss a case sua sponte for failure to
28 prosecute, even though the language of Rule 41(b) appears to require a motion from a party.

1  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to
2  prosecute even without notice or hearing. Id. at 633.

3  In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,
4  the Court must weigh the following five factors: "(1) the public's interest in expeditious
5  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
6  the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
7  availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v.
8  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the
9  imposition of sanctions in most cases, while the fourth factor cuts against a default or
10 dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."
11 Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

12 Here, the first, second, and third factors favor dismissal of this case. Plaintiff has not
13 provided the Court with his present address, and the Court has been receiving returned mail
14 for over two months. Plaintiff's failure to keep the Court informed of his address prevents
15 the case from proceeding in the foreseeable future. The fourth factor, as always, weighs
16 against dismissal. The fifth factor requires the Court to consider whether a less drastic
17 alternative is available. Without Plaintiff's current address, however, certain alternatives are
18 bound to be futile.

19 The Court finds that only one less drastic sanction is realistically available. Rule
20 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
21 merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
22 the Court finds that a dismissal with prejudice would be unnecessarily harsh. Because
23 Plaintiff has failed to comply with the rules and thereby has failed to prosecute this action,
24 the Court will dismiss his action without prejudice pursuant to Rule 41(b) of the Federal
25 Rules of Civil Procedure.

26 //
27 //
28 //

1     In light of the dismissal under Rule 41(b), the Court need not address the merits of
2 Defendant's Second Motion to Dismiss and it will be denied as moot.

3 **IT IS ORDERED**:

4     (1) Defendant's Second Motion to Dismiss (Doc. #20) is **denied** as moot.

5     (2) Plaintiff's Complaint and this action are dismissed without prejudice, and the
6 Clerk of Court shall enter judgment accordingly.

7     DATED this 23rd day of April, 2007.

_____
James A. Teilborg
United States District Judge